UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| SOCORRO ROQUE, | ) | CASE NO. C06-0156-TSZ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL CHERTOFF, *et al.*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

I. <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

Petitioner is a native and citizen of Mexico who is currently in the custody of the U.S. Immigration and Customs Enforcement ("ICE"). On January 30, 2006, he filed, through counsel, a Petition for Writ of Habeas Corpus under 8 U.S.C. § 2241, which challenges his continued detention pursuant to the mandatory detention provision of the Immigration and Nationality Act ("INA"), Section 236(c). (Dkt. #1). Respondents have moved to dismiss, arguing that petitioner is properly detained *not* under INA § 236(c), but under INA § 241(a)(1)(B), which allows for continued detention at the discretion of the Attorney General after an administratively final order of removal. (Dkt. #9). Alternatively, respondents contend that, even if INA § 236(c) governs,

REPORT AND RECOMMENDATION
PAGE -1

petitioner is not eligible for release because his detention is mandatory under INA § 236(c).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #1) be GRANTED and that respondents' cross-motion to dismiss (Dkt. #9) be DENIED.

## II.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner Socorro Roque is a native and citizen of Mexico. He entered the United States without inspection in March 1985 and adjusted his status to lawful permanent resident on December 1, 1990. (Dkt. #7 at R158).

On July 25, 2000, petitioner was convicted in the Circuit Court for the State of Oregon in and for Marion County for the offense of sexual abuse in the third degree in violation of the Oregon Revised Statute 163.415. Petitioner was fined $560 and sentenced to 365 days in prison. The court suspended petitioner's prison time and ordered 60-months probation. (Dkt. #7 at R129).

On March 18, 2005, ICE issued a Notice to Appear ("NTA"), placing petitioner in removal proceedings and charging petitioner as removable under INA § 237(a)(2)(A)(iii), due to his conviction for the offense of sexual abuse in the third degree. (Dkt. #7 at R152-53). On July 15, 2005, petitioner was taken into ICE custody and served with the NTA. Petitioner has been detained since July 15, 2005. (Dkt. #7 at R151).

On July 29, 2005, petitioner appeared before an Immigration Judge ("IJ") who found him removable under INA § 237(a)(2)(A)(iii) due to his conviction of an aggravated felony as defined under INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A). (Dkt. #7 at L43, L72, L82-84). Petitioner admitted the factual allegations contained in the Notice to Appear and conceded that because the IJ found him removable as an aggravated felon, he was not eligible for any form of

relief from removal. *Id.* Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), alleging that an Oregon conviction for sexual abuse in the third degree does not constitute an "aggravated felony" under INA § 101(a)(43)(A). On November 18, 2005, the BIA affirmed the decision of the IJ and dismissed petitioner's appeal of the removal order. (Dkt. #7 at L121-23). On December 7, 2005, petitioner timely filed a Petition for Review with the Ninth Circuit Court of Appeals, challenging the order of removal. The Ninth Circuit has issued a temporary stay of petitioner's removal. Petitioner's Petition for Review currently remains pending before the Ninth Circuit.

On January 30, 2006, petitioner filed the instant habeas petition. (Dkt. #1). In February 2006, ICE conducted a custody review of petitioner's case. (Dkt. #9, Ex. F). By letter dated February 22, 2006, ICE Field Office Director A. Neil Clark declined to release petitioner, stating that, "pursuant to the authority contained in section 236 and 241 of the Immigration and Nationality Act, and parts 236 and 241 of the Code of Federal Regulations, I have determined that you shall remain in the custody of ICE pending the result of your appeal before the Ninth Circuit Court of Appeals." (Dkt. #9, Ex. E). On March 14, 2006, respondents filed an Amended Return Memorandum and Cross-Motion to Dismiss. (Dkt. #9). Petitioner filed his response on March 28, 2006. (Dkt. #10). Respondents filed their reply on April 7, 2006. (Dkt. #12). The petition and cross-motion to dismiss are now ready for review.

### III. DISCUSSION

A. Detention Provisions

Respondents argue that once an administratively final order of removal has been entered, detention shifts from INA § 236, 8 U.S.C. § 1226, to INA § 241(a), 8 U.S.C. § 1231(a).

REPORT AND RECOMMENDATION
PAGE -3

01  Respondents contend that petitioner's order of removal became administratively final in this case

02  upon the BIA's denial of his appeal, and thus petitioner is detained pursuant to Section 241. (Dkt.

03  #9 at 5). Petitioner argues that because he has appealed the BIA's decision and because the Ninth

04  Circuit has entered a temporary stay of removal, his detention remains governed by Section 236

05  rather than Section 241. (Dkt. #10 at 5-7).

06       INA § 236 provides the framework for the arrest, detention, and release of aliens in

07  removal proceedings. INA § 236, 8 U.S.C. § 1226. Once removal proceedings have been

08  completed, detention and release of the alien shifts to INA § 241, 8 U.S.C. § 1231. The

09  determination of when an alien becomes subject to detention under Section 241 rather than

10  Section 236 is governed by Section 241(a)(1). Section 241(a)(1)(B) provides:

11  The <u>removal period</u> begins on the latest of the following:
    (i) The date the order of removal becomes administratively final.
12  (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.
13  (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

14

15  8 U.S.C. § 1231(a)(1)(B)(emphasis added). Accordingly, pursuant to Section 241(a)(1)(B)(ii),

16  where a court issues a stay of removal pending its review of an administrative removal order, the

17  alien continues to be detained under Section 236 until the court renders its decision. *See*

18  *Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221, 1224 (W.D. Wash. 2004)(holding that the

19  "removal period" begins on the latest of the following: the date the order of removal becomes

20  administratively final, or, if the removal order is judicially reviewed and if a court orders a stay of

21  the removal of the alien, the date of the court's final order.); *see also Wang v. Ashcroft*, 320 F.3d

22  130, 147 (2d Cir. 2003); *Clavis v. Ashcroft*, 281 F. Supp. 2d 490, 493 (E.D.N.Y. 2003)("Because

the Court entered a temporary stay of deportation, up to this point petitioner has remained in INS custody pursuant to Section 236."); *Milbin v. Ashcroft*, 293 F. Supp. 2d 158, 161 (D. Conn. 2003)("Until this decision is filed, Milbin continues to be subject to mandatory detention under § 236(c), as this Court's stay order . . . remains in effect."). Here, the Ninth Circuit has issued a stay of removal pending its review of petitioner's administrative removal order. "Because Petitioner's removal order has been stayed by the Ninth Circuit pending its review of the BIA decision, the 'removal period' has not yet commenced, and Petitioner therefore is detained pursuant to INA § 236." *Quezada-Bucio*, 317 F. Supp 2d at 1224.

B. <u>Mandatory Detention</u>

Alternatively, respondents argue that even if petitioner's detention is governed by INA § 236, he is properly detained pursuant to the mandatory detention provision found in Section 236(c) because petitioner was convicted of an aggravated felony. (Dkt. #9 at 8). That statute states, in part, as follows:

> The Attorney General shall take into custody any alien who . . .
>    (B) is deportable by reason of having committed any offense covered in section 237(a)(2)
>    . . .
> <u>when the alien is released</u>, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

INA § 236(c), 8 U.S.C. § 1226(c) (emphasis added). Petitioner argues that he is not subject to mandatory detention under INA § 236(c) because he was not taken into immigration custody until almost five years after his guilty plea was entered, under which he received no jail time. (Dkt. #1 at 4; Dkt. #10 at 12). According to petitioner, he was not detained when he was released from state custody as required by the express language of the statute. In support of his argument,

REPORT AND RECOMMENDATION
PAGE -5

petitioner cites a number of decisions from this and other jurisdictions that have found that, under the plain meaning of the statute, mandatory detention does not apply to criminal aliens if they are not taken into immigration custody immediately after being released from state custody. *See Quezada-Bucio,* 317 F. Supp. 2d at 1228; *Pastor-Camarena v. Smith*, 977 F. Supp. 1415 (W.D. Wash. 1997); *see also Boonkue v. Ridge*, 2004 WL 1146525 (D. Or. 2004); *Alikhani v. Fasano,* 70 F. Supp. 2d 1124 (S.D. Cal. 1999); *Alwady v. Beebe,* 43 F. Supp. 2d 1130 (D. Or. 1999); *Velasquez v. Reno,* 37 F. Supp. 2d 663 (D.N.J. 1999); *Tenrreiro v. Ashcroft*, 2004 WL 1354277, *vacated and transferred*, 2004 WL 1588217 (D. Or. 2004).

Respondents argue that the Court's decisions in *Quezada-Bucio* and *Pastor-Camarena* were wrongly decided, and that the Court should not follow them. Respondents argue that the BIA has rejected the interpretation of Section 236(c) that petitioner advances here, finding instead that Section 236(c) applies to criminal aliens, such as petitioner, who were released from incarceration before being taken into ICE custody. *In re Padilla-Vargas*, 2004 WL 2943509 (BIA 2004); *In re Rojas*, 23 I & N Dec. 117, 125 (BIA 2001); *In re Nobles*, 21 I & N Dec. 672 (BIA 1997). Respondents contend that this Court should give deference to the BIA decisions. (Dkt. #9 at 14-15). The Court disagrees with respondents.

The phrase "when the alien is released" has been the subject of statutory interpretation in several previous cases, including two published decisions by this Court. In *Quezada-Bucio*, this Court determined that "the mandatory detention statute, INA § 236(c), does not apply to aliens who have been taken into immigration custody several months or years after they have been released from state custody." *Quezada-Bucio*, 317 F. Supp. 2d at 1231 (finding that petitioner who was released from state custody and was not taken into immigration custody until three years

later was not subject to mandatory detention under INA § 236(c)); *see also Pastor-Camarena v. Smith*, 977 F. Supp. 1415, 1417 (W.D. Wash. 1997) (holding that the plain meaning of the statute indicates that INA § 236(c) applies to aliens immediately after release from custody, and not to aliens released many years earlier). As the Court previously explained,

> 'the clear language of the statute indicates that the mandatory detention of aliens 'when' they are released requires that they be detained at the time of release. *Alikhani*, 70 F. Supp. 2d at 1130. . . . [I]f Congress had intended for mandatory detention to apply to aliens at any time after they were released, it could easily have used the language ' *after* the alien is released," 'regardless of when the alien is released,' or other words to that effect. Instead Congress chose to use the word 'when,' which connotes a much different meaning.

*Quezada-Bucio*, 317 F. Supp. 2d at 1230. The Court finds, as in *Quezada-Bucio*, that Congress intended mandatory detention to apply only to those aliens taken into immigration custody immediately after their release from state custody. *Id.*

The Court also disagrees with respondents that the BIA's decision in *In re Rojas*, 23 I & N Dec. 117 (BIA 2001), and its progeny should be accorded deference. The United States Supreme Court has held that the federal courts should defer to an agency decision only if the statute, "applying the normal 'tools of statutory construction,' is ambiguous." *INS v. St. Cyr*, 533 U.S. 289, 307, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001)(citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc* ., 467 U.S. 837, 843 n.9, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)). As determined above, the plain language of Section 236(c) is not ambiguous.

Accordingly, the Court agrees with petitioner that mandatory detention is not authorized in petitioner's case by Section 236(c) because he was not taken into immigration custody when

/ / /

/ / /

REPORT AND RECOMMENDATION
PAGE -7

he was released from state custody as required by the express language of the statute.[1]  *Quezada-Bucio*, 317 F. Supp. 2d at 1231; *Pastor-Camarena*, 977 F. Supp. at 1417.  The Court also agrees that petitioner is entitled to an individualized bond hearing pursuant to the general release terms of INA § 236(a).

## IV.  CONCLUSION

For the foregoing reasons, I recommend that petitioner's habeas petition be GRANTED, and that respondents' cross-motion to dismiss be DENIED.  A proposed Order accompanies this Report and Recommendation.

DATED this 1st day of May, 2006.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

---

[1] Because the Court finds that mandatory detention does not apply because petitioner was not taken into immigration custody immediately after his release, the Court does not reach petitioner's alternative argument that mandatory detention should not apply because the question of whether petitioner was convicted of an aggravated felony is currently on appeal in the Ninth Circuit. (Dkt. #10 at 15-16).

REPORT AND RECOMMENDATION
PAGE -8